UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GABRIEL BURRESS,<br><br>                    Plaintiff,<br><br>vs.<br><br>OFFICER RUTLAND, arresting officer for the Idaho State Police,<br><br>                    Defendant. | Case No. 1:21-cv-00154-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Complaint of Plaintiff Gabriel Burress was conditionally filed by the Clerk of Court due to his status as a pretrial detainee and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff will be required to provide the Court with more information about his pending state criminal action.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

      Plaintiff alleges that, on or about February 5, Officer Rutland arrested him, violating

his constitutional rights. As a result of the arrest, he was charged possession of a controlled substance, malicious injury to property, and resisting arrest. However, he asserts claims of false arrest, illegal search, misuse of the system, and excessive force arising from the arrest. He alleges that he suffered major nerve damage, partial loss of the use of his left hand, and other injuries from Officer Rutland's excessive force. He seeks dismissal of his criminal case and/or suppression of the evidence seized in the arrest. *See* Dkt. 3 (Complaint).

Plaintiff's state criminal case, CR27-21-00785, is designated "active-pending" before the Honorable Judge Rosemary Emory in the Jerome County District Court. A jury trial in his criminal case is set for October 13, 2021.[1]

2. **Standard of Law**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

Civil rights claims that challenge or implicate ongoing state criminal matters may be subject to summary dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court reiterated the importance of the principle of comity between state and federal courts, holding that federal courts generally must abstain

---

[1] *See* state court docket found at https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

from hearing civil rights claims related to pending state criminal cases. Adjudicating such claims is allowed only in the rarest of circumstances—that is, where "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single [state] criminal prosecution." *Id.* at 46.

"Abstention is required when: (i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir.2003); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). A federal court can make an exception to the abstention rule and entertain such an action only the plaintiff shows "extraordinary circumstances," such as: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id.* at 54.

3. **Discussion of Claims**

Here, Plaintiff asserts constitutional claims essential to his defenses in his state criminal proceedings. As a result, the Court intends to apply the *Younger* abstention to Plaintiff's claims unless Plaintiff can meet the extraordinary circumstances exception, as explained above. Factors showing that abstention is appropriate include that the state criminal case is ongoing; that, in general, state criminal proceedings implicate important state interests, as the actions designated as crimes against society are determined by the state legislature; and claims of excessive force can be asserted as a defense against the

charge of resisting arrest, demonstrating that he has a state forum to assert his constitutional rights. Plaintiff's suppression issues are exclusively criminal proceeding evidentiary issues arising from the alleged constitutional violations that occurred during his arrest, and therefore must be raised in the criminal proceeding. *See, e.g., Voychuk v. California*, No. 205CV2007-MCE-GGH, 2006 WL 738796, at *1 (E.D. Cal. Mar. 22, 2006).

To proceed with his claims, Plaintiff must file an amended complaint or brief explaining why the *Younger* abstention should not be applied. He must show that extraordinary circumstances exist, meeting the standard set forth above. Alternatively, he can file a notice of voluntary dismissal. If he fails to meet the extraordinary circumstances standard or file anything further in this case by the deadline, the Court will apply the *Younger* abstention and dismiss this case without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint or brief, as described above, within **30 days** after entry of this Order.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) will be DENIED without prejudice, but will be reconsidered by the Court if he states an actionable claim in the amended complaint and if he meets the standards for appointment of counsel.

3. Plaintiff is warned that, if he does not file an amended complaint or brief within the time frame specified above, his entire case will be dismissed

without prejudice. Plaintiff may, in the alternative, file a notice of voluntary dismissal within **30 days** after entry of this Order.

DATED: August 25, 2021

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5